ROBESON ET AL. *vs.* MISSISSIPPI AND ALABAMA RAIL ROAD
COMPANY ET AL.

<span>13 465</span>
<span>123 381</span>

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

Where garnishees were asked if they had property of the defendant in
their possession, and whether it was worth *a certain sum*, and they
answered categorically, "Yes, one hundred and four bales of cotton:"
*Held*, that they could show, when called on by the plaintiff to pay the
proceeds over, in satisfaction of his judgment against the defendant,
that the cotton was previously attached in their hands, at the suit of
other creditors.

EASTERN DIST.
May, 1839.

ROBESON ET AL.
vs.
MISS. AND ALA.
R. R. CO. ET AL.

*Eustis, J., dissenting.*—Where garnishees, by their answer, acknowledge that they have property in their possession belonging to the defendant sufficient to satisfy the plaintiffs' debt, they should not be allowed afterwards to defeat this acknowledgment, when called on to pay the plaintiffs' judgment, by pleading that the property had been *previously* attached.

This suit commenced by attachment. The plaintiffs filed their petition the 5th July, 1838, claiming judgment for the sum of two thousand dollars, and interest. They ask, that Lyons, Harris & Co., and others, be ordered to answer on oath the annexed interrogatories, and condemned, as garnishees *in solido*, to pay the amount of the plaintiff's demand.

*Interrogatory.*—"Had you, at the time of service of this interrogatory upon you, or have you had at any time since, in your possession, or under your control, any moneys, cotton, &c., or property belonging to the defendant? If yea, please specify and detail the same fully and particularly, with the value thereof, and whether the same amounts to the sum of two thousand dollars, with interest, &c."

The sheriff returned, that he had duly served the attachment on the garnishees, and attached in their hands property of every kind belonging to the defendant, to an amount sufficient to satisfy the writ, &c.

On the 11th July, Lyons, one of the firm of Lyons, Harris & Co., on the part of the firm, answered, " Yes, one hundred and four bales of cotton."

The other garnishees gave detailed and full answers.

The defendant pleaded a general denial, and the plaintiff had judgment against him for the sum claimed.

In January, 1839, the plaintiff took a rule on the garnishees, Lyons, Harris & Co., to show cause why they should not be condemned *in solido* to pay to the plaintiff the amount of their judgment against the defendants: to which they replied, that the cotton attached in their hands in this suit had been previously attached at the suit of S. W. Oakey & Co., by whose request and assent it had been sold, and the proceeds, amounting to five thousand one .hundred and

eighty-seven dollars, was in their hands, subject to such attachments as might be adjudged entitled to it.

On hearing the parties, the parish judge decided, that, as the property in the hands of the garnishees had been previously attached in another suit pending in the district court, the rule must be discharged ; reserving to the plaintiffs their right of proceeding in said court, contradictorily with the attaching creditors.

The plaintiffs appealed.

*I. W. Smith,* for the plaintiffs and appellants.

1. The plaintiffs interrogated the garnishees on facts and articles : " Have you property in your possession, or under your control, belonging to the bank, and, if so, is it worth two thousand dollars, interest, &c. ?" They answer, " Yes; one hundred and four bales of cotton." When ruled to show cause why they should not be condemned to pay the two thousand dollars, they admit the receipt of five thousand one hundred and eighty-seven dollars and sixty-one cents for the cotton. In substance, they plead, in avoidance of the legal effect of their answer on oath, that the proceeds of the cotton are not under their control or in their possession absolutely, but that they possess and control them at the pleasure of the District Court, which had attached them. In their answer under oath, they clearly had the right to state what maner of possession and control they had, to what restrictions they were subjected, with what privileges the ownership of the cotton by the bank was burdened.

2. The right of the plaintiffs against the garnishees was only inchoate when the answer under oath was filed. It was perfected by the judgment against the bank. When the plaintiffs chose to exercise it, it was too late for the garnishees to divest them of it.

3. The garnishees were bound by their answer made under oath. They cannot add to or change the legal effect of that answer by any subsequent act of theirs. Their answer to the rule is, in effect, an amendment of their original answer, setting up a defence not mentioned in the original answer. *5 Louisiana Reports,* 86 ; 8 *Ibid,* 160.

4. The garnishees well knew, when they answered the interrogatories, if there was a previous attachment levied. Why did they not inform the plaintiffs of it? Why suffer the plaintiffs to prosecute their suit to judgment before alleging a defence, which renders nugatory their answer under oath? Can they now take advantage of their own wrong?

*Strawbridge* and *L. Peirce,* for the defendant and garnishees.

*Rost, J.,* delivered the opinion of the court.

In this case, the commercial firm of Lyons, Harris & Co. were cited as garnishees, and asked to answer on oath whether they had in their possession, or under their control, property belonging to defendants, and whether it was worth the amount for which attachment had issued, to wit, two thousand dollars. The garnishees answered in these words: "Yes; one hundred and four bales of cotton." Judgment was rendered against the defendants, and the plaintiffs, finding some previous liens on the property attached, took a rule upon the garnishees to show cause why they should not be condemned *in solido* to pay to the said plaintiffs the amount of the judgment rendered in their favor. The garnishees showed for cause, that the cotton attached in their hands had previously been attached at the suit of S. W. Oakey & Company, by whose request the same had been sold, and that the proceeds remained in their hands, payable to such of the attaching creditors as may be entitled thereto. The court, after having discharged the rule reserved *to the* plaintiffs their right to proceed contradictorily with the other attaching creditors. The plaintiffs appealed.

The plaintiffs do not complain of the sale of the cotton by the garnishees; and they now stand in the situation in which they would be if it had been sold by order of the court, on their application, and that of the other attaching creditors.

We are of opinion, that the district judge took a correct view of the rights of the parties to this controversy, and that the judgment ought to be affirmed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*May*, 1839.

ROBESON ET AL.
*vs.*
MISS. AND ALA.
R. R. CO. ET AL.

*Eustis, J.*—I dissent from the opinion of the court, both as to the merits of the case, and as to the mode of proceeding.

I do not wish to be understood that there may not be cases in which a garnishee would not be relieved from the consequences of an erroneous answer; but in this case, I consider the garnishees have no claims whatever to relief, as the matter stands before us.

The answer determines the fact, that, at the time of the service of the attachment, there was in the possession of the garnishees sufficient property of the defendant to satisfy the plaintiffs' debt. The object of the interrogatory was to ascertain from the garnishees if they had in their hands property of the defendants, which was available to the plaintiffs in their attachment. " Have you property in your possession, or under your control, &c.," was the question. The answer is in the affirmative, positive and direct.

If the cotton had been previously attached, it was not under the control of the garnishees; it was, in the eye of the law, in the custody and possession of the sheriff; (*Code of Practice*, 257) : and though it may have been permitted to remain in their hands, it was in the custody of the law. 8 *Martin*, 511.

In the case of *Deblanc* vs. *Webb and others*, the Supreme Court held, in a case in which the garnishee neglected to answer one of the interrogatories put to him, but had answered fully two others, that, by neglecting to answer the interrogatory categorically, they had subjected themselves to have judgment rendered against them, according to the spirit of article 263, *Code of Practice*. " To permit the garnishees now to avoid the legal effect of their negligence in not answering this interrogatory, would, in our opinion, violate express law, and might in other cases, lead to prevarications and unnecessary delays in the administration of justice."

The garnishees in this case, by their answer, acknowledge that they have property in their possession belonging to the

EASTERN DIST.
*May,* 1839.

ROBESON ET AL.
*vs.*
MISS. AND ALA.
R. R. CO. ET AL.

defendant sufficient to satisfy the plaintiffs' debt; in the other case, this fact is taken for confessed by the court, and in both cases the garnishees are in precisely the same situation in respect to the plaintiffs; one is bound by his judicial, the other by his implied judicial confession. If judgment be lawfully rendered against them in one case, the rules of practice, as well as those of justice, require that the garnishees be condemned in the other.

The case of *Blanchard* vs. *Cole,* 8 *Louisiana Reports,* 157, is similar, in point of principle, to the former. The answer to the interrogatories were not sufficiently precise and formal, and the judgment was rendered that the plaintiffs' judgment should be satisfied out of the property attached.

It strikes me as particularly novel, that a garnishee, after having made an acknowledgment, in his answer on oath to interrogatories propounded to him, should be able to defeat entirely its operation, by merely pleading a matter which the garnishee knew perfectly well at the time of making his declaration. If error, fraud, violence, or the loss of the property attached had been urged on behalf of the garnishees, a different case would have been presented; but the only fact for which they claim an exemption from the operation of their judicial confession, they knew at the time of making it as well as they do now, and neglected to disclose in their answers. The plaintiffs, without any notice of this attachment which is to be used to defeat their claim, proceed in their suit to judgment.

Had they been apprised of this attachment; had they been notified of the existence of any claim on the property attached; had they been informed that it was in the custody of the law, and might not be rendered available to them, they might have sought their remedy elsewhere against the defendant or his property, but in the present instance they have been induced to continue their proceedings by the confession of the garnishees that they had property in their hands which would be applied to the payment of their debt. It would be permitting a party to take advantage of his own neglect, to defeat the plaintiffs on the grounds assumed by

the garnishees. I do not wish to be understood as saying
that the garnishees would necessarily be exposed to loss by
being obliged to pay an amount sufficient to satisfy the judg-
ment from the funds in their hands, but that even if they
were, that circumstance would not change the action of the
court, in a case like this, against them.

As to the mode of proceeding adopted by the plaintiffs,
I think the case is equally free from difficulty. The gar-
nishee is a party to the suit, and, as to the matters at issue
between him and the plaintiff, he is a defendant, as much so
as the defendant himself. Whether the plaintiff wishes to
contradict the garnishee's answers; whether the garnishee
answer evasively, or does not answer at all, the proceedings
are directly against the garnishee in the same suit. I believe
such to be the general practice in this state. I have met
with no instance to the contrary. In every case which has
come before the Supreme Court, and which I have exa-
mined, the proceedings against the garnishee are direct in
the same suit, and he is considered a defendant. See the
cases cited. *Allyn* vs. *Wright*, 9 *Martin*, 273, and 1 *Louisi-
ana Reports*, 230; *Code of Practice*, 264.

The plaintiffs having obtained a judgment against the
defendant, took a rule on the garnishees to show cause why
they should not be condemned *in solido*, as garnishees, to
pay to the plaintiffs the amount of their judgment.

The garnishees, in answer to the rule, come into court,
and allege for cause, that the cotton attached in this case
had been previously attached in their hands at the suit of
S. W. Oakey & Company, by whose request and assent the
same has been sold, and that the proceeds, amounting to
five thousand one hundred and eighty-seven dollars and
sixty-one cents remain in their hands, subject to these
attachments.

S. W. Oakey & Company are not parties to this suit.
Under the article 396, *et seq.*, of the Code of Practice, the
mode is pointed out in which their rights are to be asserted,
and if they do not choose to litigate their pretensions in this
suit, I see no reason why they should be an impediment and

hindrance to these proceedings: at all events, I do not think the garnishees, in this instance, have a right to set them up for their own protection against the supposed consequences of their own neglect.

Here, then, are the garnishees, having in their hands the proceeds of the property attached, and placing them at the disposal of the court, leaving Oakey & Co., the creditors in the previous attachment, to assert their rights in the manner which they think best to adopt; and they may have very good reasons for not becoming parties to this suit: they may have other property attached sufficient to satisfy their debt, or may not choose to contest the plaintiffs' demand. I think a sufficient part of the property attached ought to be applied to the payment of the judgment obtained against the defendant. 2 *Gallison's Reports*, 96. The rule asks for judgment against the respondents as garnishees *in solido*. The form of the rule taken on the garnishees I consider to be immaterial, as they have not objected to it, but have, by their answer, brought the merits of the case fully before the court, on which the court ought to decide according to the rights of the several parties before them.

I think the judgment of the court below ought to be reversed, and that the judgment should be for the plaintiffs, as before stated.