## JUSTINIAN F. DAVIS v. CHARLES OAKFORD.

11    379
123   381

Answers by garnishees, which are manifestly evasive, ought not to be amended—such a practice might lead to frivolous delays. But where an answer is really responsive to the question, though it might be more comprehensive, it is within the discretion of the court to allow the garnishee to answer more fully, in cases where the questions propounded admit of a truthful, but at the same time of an unsatisfactory answer.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Smiley & Perrin*, for plaintiff and appellant. *Bonford & Finney*, for defendant. *Durant & Hornor*, for garnishee.

LEA, J. In this case, a judgment creditor seeks to recover from a garnishee the amount due to him by his judgment debtor, on the ground that the garnishee, in whose hands a seizure under execution had been made, has made no direct, good, or sufficient answers to the interrogatories propounded to him under the process of garnishment. The whole issue between the parties has reference to the sufficiency of the answer to the first interrogatory propounded to the garnishee.

To the question " What property, goods, rights, credits, chattels and effects have you in your possession or under your control, belonging to the said defendant, at the service hereof, and to the time of filing your answer? Was not the value thereof sufficient to satisfy the said judgment, interests and costs? Give the particular kind and value of such property, effects, &c."—the answer is: " He says there is in their office a small lot of furniture consisting of a cotton-table, chairs, &c., the value of which does not exceed fifteen dollars, which is the private property of the defendant *Charles Oakford*, but which are in use in their business."

Now it may be assumed that this is not as full and complete an answer as the garnishee might have made to the questions such as they are.

The garnishee might have added that the property designated in the answer was all that he had in any manner under his control. Such a designation, however, may have been intended, and in the case at bar (as appears from other proceedings) no doubt was intended, to be a complete and truthful answer to the interrogatory propounded. We are not prepared to say that when question and answer are taken together, the answer is of that evasive character which would justify a judgment *pro confesso*. Answers which are manifestly evasive ought not to be amended, such a practice might lead to frivolous delays in the administration of justice; but where an answer is really responsive to the question, even though it might be more comprehensive, we think it is within the discretion of a District Judge to allow a garnishee to answer more fully, in cases where the questions propounded admit of a truthful, but at the same time, of an unsatisfactory answer; and we are not prepared to say that the action of the court in this case exceeded the limits of a sound and reasonable discretion.

Judgment affirmed.