No. 1889.—TAPP, KENNEDY & WALSH v. GREEN & BROTHER. CAMP-BELL & STRONG, Garnishees.

As a general rule, the garnishee may be permitted by the District Judge to amend his answers to interrogatories, after an order *pro confessis* has been made, and before judgment against the defendant. But the case would be different if the answers are manifestly evasive, and calculated to jeopardize the rights of the attaching creditor, or defeat the jurisdiction of the court over the defendant.

APPEAL from Sixth District Court of New Orleans. *Duplantier, J. Randolph, Singleton & Browne,* for plaintiffs and appellants. *James McConnell* and *W. H. Rogers,* for defendants and appellees.

HOWE, J. The only question in this case is, whether it is within the discretion of the District Court to allow a garnishee who has answered interrogatories in good faith, but not as fully as he might have done, to amend his answers after an order *pro confessis* has been made, but before judgment against the defendant.

We are of opinion that this question must be decided in the affirmative. Answers which are manifestly evasive ought not to be permitted to be amended. Davis v. Oakford, 11 An. 379. Nor when a garnishee has once answered and admitted a certain indebtedness, should he be allowed to retract his judicial expression, and declare that he owes nothing. De Blanc v. Webb, 5 L. 86. But where answers, as in the case at bar, are really responsive to the interrogatories, though they

might have been more comprehensive, and where there is no charge of fraud, evasion or deceit, we can not say that the action of the court *a qua*, in permitting an amendment, exceeded the limits of a sound discretion.   Rose *v.* Whaley, 14 An. 374 ; 11 An. 379.

It is urged by the counsel of plaintiff that such a permission would entirely jeopardize the rights of plaintiffs in attachment; that by the first answers of garnishees the court might be invested with jurisdiction over the defendant, while by the amended answers the jurisdiction might be taken away.   To this we reply that such a case would be different from the one at bar, and would fall under the rule of De Blanc *v.* Webb.   An amendment producing such an effect should never be permitted.   But in the case now before us, the amendment allowed by the District Court, so far from impairing its jurisdiction, increased somewhat the amount found due by garnishees to defendants.

It is therefore ordered that the judgment appealed from be affirmed, with costs.

Chief Justice Ludeling and Justice Wyly absent.