## No. 478.

## N. B. Adams *v.* B. H. Dinkgrave et als.

The sheriff of a different parish from the one in which the suit is instituted is not required by law to serve civil process in his own parish, which has emanated from the parish where the suit was instituted, without being paid in advance the fees established by law for such service.

Section 7 of the act of 1870, p. 165 (Ray's Revised Statutes, p. 369, section 17,) applies only to the sheriff and clerks of the parishes in which the suits are instituted.

In this case it is not found in the record that the defendant, sheriff of the parish of Ouachita, was informed of the near approach of the period which was to extinguish plaintiff's claim by prescription, nor that the plaintiff used that degree of diligence which would naturally be expected from men of prudence and caution to avoid a heavy loss.

Without leaving out of view the important fact that public officers should be held strictly responsible for injuries or loss that may arise from a refusal or culpable neglect to perform their duties, this court must advert to the want of right in litigants to require their services without reasonable assurance of the payment of the fees allowed them by law, and without subjecting them to delay or inconvenience in receiving the same.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita.  *Ray, J.*  Jury trial.  *T. S. Sawyer, Cobb & Gunby,* for plaintiff and appellant.  *Morrison & Farmer,* for defendant appellee.

Taliaferro, J..  This is an action upon a sheriff's bond against the sheriff and his sureties to make them liable *in solido* to the plaintiff in the sum of two thousand dollars for an alleged gross and culpable failure and neglect on the part of the sheriff to serve certain process on a party residing in the parish of Ouachita, in a suit instituted against him in the parish of Tensas by the plain-

tiff. The plaintiff complains that having brought suit in the last named parish against one James Bowman on three mortgage notes, praying judgment thereon with recognition of mortgage, he caused a deposit of ten dollars to be made, and a duly certified copy of the petition and amended petition in that case together with citation and copy of the same according to law, to be procured and sent by mail through his attorney residing at Vidalia, parish of Concordia, to the defendant at Monroe, La., with special instructions to him to have service of the papers made immediately upon Bowman who is a resident of the parish of Ouachita, and to forward his fee bill for services to C. W. Allen, of New Orleans, a merchant there, for payment; that the sheriff refused and neglected to serve the papers thus sent to him and in consequence of this failure to perform his duties required of him by law, the last note of the series became prescribed by the lapse of five years from its maturity, whereby a loss of two thousand dollars with eight per cent. per annum interest from the fifteenth of March, 1857, resulted to the plaintiff.

The answer of the defendant sets up various defenses. He avers that the law provides how the fees of sheriffs are to be secured and paid; that the defendant can not be required to serve judicial documents and send his fee bill to any individual whomsoever for payment; that the plaintiff's petition discloses the fact that no sufficient legal steps were taken by the plaintiff to place defendant in default so as to be enabled to compel him to serve judicial documents; that a sheriff can not be compelled to serve such documents unless money, cash in hand, is actually deposited according to the provisions of law, so that out of such actual cash deposit the sheriff can receive his fees in money when he makes return of service. He alleges that when a litigant requires such service of a sheriff and requires him besides to undergo the risk, inconvenience and exposure of obtaining his fees from some private party, he proposes simply an ordinary private contract to the sheriff which the latter may reject without further consideration and without notice of the rejection of the proposition to the proposer. The defendant denies generally all the allegations of the petition.

The case was tried before a jury.

Judgment was rendered in favor of the defendant and the plaintiff appeals.

There is a motion to dismiss this appeal on the ground that the record does not contain all the evidence introduced on the trial of the case in the court below. We find that the evidence omitted, if it were in the record, would be of no effect in favor of either of the parties in the decision of the case and therefore overrule the motion to dismiss.

There are several bills of exception in the record, but we do not consider it necessary in the decision of this case to examine them.

The principal inquiry in this case appears to be: can a sheriff of a different parish from the one in which the suit is instituted, be required by law to serve civil process in his own parish which has emanated from the parish where the suit was instituted, without being paid in advance the fees established by law for such service? Section 7 of act of 1870, page 165 (Rays Revised Statutes, page 369, section 17), is relied upon by plaintiff to show that the sheriff is not entitled to receive fees in advance for his services.

The law referred to provides that a party about to institute a suit shall deposit with the clerk ten dollars if the suit is brought in the district court and five dollars if brought in the parish court, to be held by the clerk to pay the costs of the clerk and sheriff in such cases, the clerk retaining one half and the other half to be paid over to the sheriff as fast as his fees accrue until the amount to which he is entitled is exhausted," etc.

This law, the defendants contend, applies only to the sheriff and clerks of the parishes in which the suits are instituted. This construction we think correct. No provision of the kind is made for clerks and sheriffs of other parishes than those in which the suit is filed when the latter are required to serve process emanating from other parishes. In the case at bar ten dollars were deposited with the clerk of the parish of Tensas, when the plaintiff's suit was filed in that parish against Bowman. That deposit was for the fees of the clerk and sheriff of that parish. The sheriff of the parish of Ouachita would have no right to claim to be paid out of that fund for services rendered in the parish of Ouachita.

One object certainly in the enactment of the statute in question was to insure the payment of clerk's and sheriff's fees in the parishes where they reside, and perform their official duties, and to relieve them from the trouble and annoyance often amounting to a loss of their fees, by having to collect them as best they may from irresponsible persons or persons residing in distant parishes.

No deposit of money for costs in the parish of Ouachita was made in this case. On the contrary, the plaintiff's attorney had no expectation of the fees of the sheriff of Ouachita being paid out of the ten dollars he deposited in the parish of Tensas, for he directed that sheriff to send his bill of fees to be paid by a merchant in New Orleans. The sheriff of the parish of Tensas could not have been required to render services in the case unless secured by a deposit of the sum of money required by law. Was the sheriff of Ouachita, for services to be rendered by him in the same case, placed in *duriore casu*? We do not find

in the record that the sheriff of the parish of Ouachita was informed of the near approach of the period which was to extinguish the plaintiff's claim by prescription, nor that the plaintiff or his attorney used on this occasion, that degree of diligence which would naturally be expected from men of prudence and caution to avoid a heavy loss. In the case of Bloomfield v. Jones et al., 2 An. p. 936, and in Sandridge & Co. v. Jones, et al., 2 An. p. 933, and also in Anderson v. Joliet 14 An. 615, this court has placed some stress on cases of this kind upon the fact of whether or not the officer was notified that dispatch was necessary in the execution of the process to prevent impending loss by prescription or otherwise.

Without leaving out of view the important fact that public officers should be held strictly responsible for injuries or loss that may arise from a refusal or culpable neglect to perform their duties, we must advert to the want of right in litigants to require their services without reasonable assurance of the payment of the fees allowed them by law, and that without subjecting them to delay or inconvenience in receiving them. From a careful examination of this case, we conclude that the decree of the lower court should be maintained.

Mr. Chief Justice Ludeling recused.

Judgment affirmed.