## No. 6051.

28 691
123 381

CHARLES MADUEL, DATIVE TESTAMENTARY EXECUTOR, ET AL., AND MR. AND MRS. CONTE, VS. P. H. MOUSSEAU AND OTHERS. THE UNION INSURANCE COMPANY OF NEW ORLEANS, GARNISHEES.

The answer to the first interrogatory, taken alone, may not be so explicit as required. But it is settled that where, by answers to other interrogatories in the same connection, a given interrogatory, not fully answered, is in previous or subsequent answers explicitly answered, this is sufficient.

The judge *a quo* did not err in permitting the defendants to answer certain interrogatories, to which at first they had excepted. They had the right to except, and, the exception being overruled, they had the right to answer.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J.* *George L. Bright*, for plaintiffs and appellants. *M. M. Cohen* and *Chiapella*, for defendants and appellees.

TALIAFERRO, J. The plaintiffs having obtained judgment for a large sum against F. P. Martinez, a former dative testamentary executor of J. M. Cabillero, deceased, and against the sureties on his official bond, A. Chiapella, Antonio Palacio, and Charles Leveque, issued a writ of *fieri facias*, and propounded interrogatories to the Union Insurance Company, made garnishee. Five interrogatories were propounded. A. Chiapella, president of the company, and one of the sureties against whom the judgment above referred to was rendered, filed answers to the first, second, and third interrogatories, and excepted to the fourth and fifth as irrelevant, and which it was alleged the garnishee was not required to answer.

A rule was taken against the company to show cause why the same judgment rendered against the defendants in execution should not be rendered against it for evading and failing to answer the interrogatories. To this rule the garnishee first filed the plea of prematurity, on the ground that the exceptions should have been fixed for trial and passed

upon before an issue could be made on the first three interrogatories. This plea was dismissed, and the exceptions to the fourth and fifth interrogatories taken up and overruled. At this stage of the proceedings the garnishee moved to file answers to the fourth and fifth interrogatories and to file supplemental and explanatory answers to the first, second, and third interrogatories, the whole supported by their affidavit and that of their counsel, showing that the garnishee had instructed its attorney to deny all indebtedness and all property rights and credits, except the ten shares of stock admitted in the answers, and that the attorney received these instructions, and, if they were not complied with, the error or fault is his and not the garnishee's. This motion, after argument, was submitted, and to the decision of the court allowing the garnishee to file answers to the fourth and fifth interrogatories a bill of exceptions was taken by the plaintiffs; and to that part of the decision which disallowed the filing of the supplemental and explanatory answers to the first, second, and third interrogatories the garnishee took a bill of exceptions. The objections of the plaintiffs to the answers of the garnishee are that the interrogatory inquiring whether the garnishee *had* in its possession or under its control *at the time of notice of seizure,* or of service of the interrogatories, any money, rights, credits, or other property whatsoever belonging to or due to said defendants, etc., is answered evasively and not directly and categorically; the answer being: " We *have* no money in our hands belonging to the defendants in writ, A. Chiapella, etc., nor do we owe them any thing or either of them any money, nor did we owe them or either of them any money at the time of the service of the interrogatories herein, and the said Chiapella owns ten shares of the capital stock of the Union Insurance Company, of the par value of one hundred dollars each, and this is the whole extent of the interest of the said Chiapella in the capital stock of the company."

The answer to the second interrogatory is " the Union Insurance Company of New Orleans does not, at present, nor did it at the time of the seizure and service of the interrogatories herein, owe any money to the said Chiapella. * * * And respondent avers that it has no funds or money in its possession belonging to or due to the said Chiapella, nor does it owe any thing to or have any funds and moneys in its possession for the other defendants."

In answer to the fifth interrogatory the garnishee repeats and reaffirms its answers to the first, second, and third interrogatories, as disclosing all its relations between themselves and the defendants, to neither of whom do they now, nor did they at the time of notice of seizure and service of interrogatories herein, nor in the intervening time, owe any sum of money whatever or any thing else, that is, property of any kind whatever, or hold now, or at the time of seizure and service of

interrogatories herein any property in which they may be in any way interested, except what is stated in regard to the salary of the president and his ownership of the ten shares of stock. .

The judge of the lower court deemed the interrogatories to have been fully answered, and rendered judgment in favor of the plaintiffs, subjecting the ten shares of stock shown by the answers to be held by Chiapella, one of the defendants, to be seized and sold under the *fieri facias* issued by the plaintiffs. From this judgment the plaintiffs appealed.

We concur with the judge *a quo* that the interrogatories were sufficiently answered. We find nothing on a pretty thorough examination of the record that authorizes us to suppose there was any purpose to evade the direct answers which the law requires to be made to interrogatories, under pain of having them taken *pro confesso*.

The second interrogatory propounded in this case is drawn with so much particularity, embracing so large a variety of transactions, such an extensive range of business, inquiring of the company relative to its transactions with so many persons, corporations, etc., that it necessarily assumes large dimensions, and may not be free from the objection that it may confuse or mislead.

The answer to the first interrogatory, taken alone, may not be so explicit as required. But it is settled that where, by answers to other interrogatories in the same connection, a given interrogatory not fully answered by the answer to that particular interrogatory is in previous or subsequent answers explicitly answered, it is sufficient.

We think the court *a qua* properly refused to permit the first, second, and third interrogatories, to be enlarged or explained by the defendants. We also approve its action in permitting the defendants to answer the fourth and fifth interrogatories, to which at first they excepted. They had the right to except, and, the exception being overruled, they had the right to answer.

The draft and purport of the first three answers, and those of the fifth answer, clearly and fully answered all the interrogatories propounded. See the case of Hennen vs. Forgee, Pike, Brother & Co., garnishees, not yet reported, Opinion Book 44, p. 513.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Rehearing refused.