## No. 13,913.

STATE OF LOUISIANA EX REL ANTHONY N. MULLER, DISTRICT ATTORNEY.
VS. *T* DON FOSTER, JUDGE NINETEETH *J*UDICIAL DISTRICT.

Act No. 48 of 1900 abolished the justice of the peace court in the city of New
 Iberia, and established instead thereof "the City Court of the City of New
 Iberia," and conferred upon the latter criminal jurisdiction of offenses com-
 mitted in said city and not punishable by imprisonment at hard labor under
 the laws of the State. This grant of power was not intended to operate, nor
 did it operate a withdrawal from the judicial district court for Iberia parish
 of its existing constitutional jurisdiction to try the same cases.

A PPLICATION for writ of *mandamus*.

Relator *pro se*.

Respondent Judge *pro se*.

### STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. The plaintiff in his petition, applying for a writ of
*mandamus* alleged that the defendant, Hon. T. Don Foster, was pre-
siding judge of the Nineteenth Judicial District, and had under the
Articles 109 and 117 of the Constitution of the State of Louisiana "un-
limited and exclusive jurisdiction in all criminal cases," and "had
authortiy to try at any time all misdemeanors."

That said jurisdiction was of right vested in him by the articles of
the Constitution above referred to, and that no discretion as to accept-
ance or waiver of said jurisdiction was left to him, and that when
such cases, whether by information or presentment, were brought be-
fore him under the Constitution, he was bound to take cognizance
of the same (namely, of all trials of misdemeanors) and try to decide
same at any time.

That relator was elected and qualified and was acting District Attor-
ney in and for the said Nineteenth Judicial District. That while act-
ing in such capacity, on the 13th day of February, A. D., 1901, he
filed, with the consent of the court first had and obtained, information
in the Nineteenth Judicial District Court, then in session in and for the

Parish of Iberia, against Ed. Nereaux, M. F. Smith, Ulger Mestayer, Silvador LeBlanc, Albert W. Ribbeck and Ralph Landry for "having and permitting a slot machine, it which money is gambled for money in return in his premises," which informaton was filed under and in conformity of Act 57 of the General Assembly of the State of Louisiana of 1898.

That each and every one of the said parties were under a bench warrant, issued by the order of the said Hon. T. Don Foster, presiding judge of the Ninetenth Judicial District Court, promptly arrested and brought to the bar of the court. Upon each and every one of them being arraigned under such charge above referred to, they filed several pleas, among which was the following plea to the jurisdiction of the said Nineteenth Judicial District Court, viz: "State of Louisiana vs. Ed. Nereaux, No. 1787. Now comes the defendant in the above numbered and entitled information, and especially pleads and shows to the court that this Honorable Court is without jurisdiction or competency to try this defendant under said information, or for the offense or crime charged against him therein. Wherefore, he prays that he be hence dismissed without day and without cost." ,

That there were several other exceptions filed by said defendants, but upon the trial of the exceptions to the jurisdiction of the court, the judge presiding, from the bench, announced to the attorneys that he did not wish to hear arguments upon any exceptions other than that to the jurisdiction of his court, and consequently the said presiding judge only passed upon the exception to the jurisdiction of his court.

That for the purpose of the exception mentioned all of the said cases were consolidated and the trial of the State vs. Ed. Nereaux, No. 1797, was to stand as being a definitive trial of the case against each of the mentioned defendants above named.

That upon the trial of said exceptions to the jurisdiction of his court, and after argument of counsel, the presiding judge, T. Don Foster, sustained said exception to the jurisdiction of his court, and quashed the several informations and dismissed and discharged the several defendants above mentioned and named, for the reason he claimed that the Articles of the Constitution 96 and 109, and the Act 48 of 1900, divested him of all jurisdiction to try misdemeanors committed within the Sixth Ward of the Parish of Iberia, and he positively refused and refuses to try said parties for said misdemeanors as it was his duty to do under the Constitution, all to the great injury and ex-

pense of petitioner, as well as of relator, and in violation of the right of the State through petioner, as District Attorney, to have parties charged with misdemeanors tried according to law by the District Judge above mentioned.

That the refusal of the judge to try said cases worked an irreparable injury to petitioner and relator, as there was no right of appeal in such cases, and the action of the judge amounted to a denial of justice.

Petitioner prayed that a writ of *mandamus* issue from your Honorable Court directed to Hon. T. Don Foster, presiding judge of the Nineteenth Judicial District Court, in and for the Parish of Iberia, directing and commanding him to try and decide the several cases of the State of Louisiana vs. Ed. Nereaux, No. 1797; State of Louisiana vs. M. F. Smith, No. 1793; State of Louisiana vs. Ulger Mestayer, No. 1796; State of Louisiana vs. Albert W. Ribbeck, No. 1792; State of Louisiana vs. Silvador LeBlanc, No. 1794; State of Louisiana vs. Ralph Landry, No. 1794, all charged with a misdemeanor, namely "the having and permitting a slot machine, in which money is gambled for money in return in his premises," in violation of Act 57 of the Acts of the General Assembly of the State of Louisiana of 1898.

To the alternative writ of *mandamus* and order sued out, the respondent judge made return.

That in the matters and cases set forth in relator's petition he did sustain the exception to the jurisdiction to respondent's court, for the folowing reasons, to-wit:

1. Article 109 of the Constitution provides: "They (District Courts) shall have unlimited and exclusive original jurisdiction in all criminal cases, *except such as may be vested in other courts authorized by this Constitution.*"

2. Article 96 of the Constitution provides: "The General Assembly shall have the power to abolish justice of the peace courts in wards containing cities of more than five thousand inhabitants, and to create in their stead courts with such civil jurisdiction as is now vested in justices of the peace, and with criminal jursdiction which shall not extend *beyond the trial of offenses not punishable* by imprisonment at hard labor under the laws of this State, and of violation of municipal and parochial ordinances, and the holding of preliminary examinations in cases not capital."

3. By Act 48 of 1900, the General Assembly abolished the offices of justice of the peace and constable in and for the Sixth Ward for the Parish of Iberia, containing the City of New Iberia, a city of more than five thousand inhabitants, and establishing instead thereof the City Court of the City of New Iberia, to be composed of a judge and a marshal, to be elected in 1900 or appointed by the Governor in the event of the previous resignations of the incumbents of the offices of justice of the peace and constable. Said act provides in Section 3: "That said City Court shall have such civil jurisdiction as is now vested in justices of the peace, and criminal jurisdiction of offenses committed in said ward and not punishable by imprisonment at hard labor under the laws of this State, and exclusively of violations of the ordinances of the City of New Iberia and of the ordinances of the Police Jury of the Parish of Iberia within the limits of said ward, with powers to arrest, examine, commit and discharge in all cases not capital. Persons sentenced to a fine or imprisonment by said City Court shall be entitled to an appeal to the District Court of the parish, upon giving security for fine and costs of court, and in such cases trial shall be *de novo* and without juries."

4. The offense charged in the informations recited in relator's petition is denounced by Section 2 of Act 57 of 1898, as follows: "That any owner, lessee, tenant or proprietor of any premises or building, who shall have or permit in or about same or connected therewith, any slot machine operated in, violation of Section 1 of this act, shall be, upon conviction thereof, fined not less than twenty-five dollars or more than two hundred dollars, or be imprisoned for not less than thirty days, nor more than ninety days, or both, at the discretion of the court."

5. Upon the trial of the plea to the jurisdiction it was admitted that the offenses charged were committed, if at all, in the Sixth Ward, Parish of Iberia.

6. The court took judicial cognizance of the fact, that the City Court of the City of Iberia had been erected and put into operation by the resignations of the justice of the peace and constable elected in April, 1900, and the appointment by the Governor of the State, of a judge and marshal of said court.

The offenses charged, not being punishable by imprisonment at hard labor, fell within the jurisdiction expressly conferred upon said City

Court, by Section 3, of Act 48 of 1900, and the said City Court, being created under the express authority conferred upon the General Assembly by Article 96 of the Constitution, that jurisdiction was eliminated from the general jurisdiction of the District Courts by the exception contained in Article 109 of the Constitution, "except such as may be vested in other courts authorized by this Constitution."

"It was plain to respondent that under these constitutional articles and acts of the General Assembly, the court over which he presides was without original jurisdiction to try parties for offenses committed in the Sixth Ward of the Parish of Iberia and not punishable at hard labor. And this was the more apparent from the grant of appellate jurisdiction to his court from convictions in that class of cases by the City Court. The granting of original and appellate jurisdiction to the same court in the same class of criminal causes would be anomalous. Equally anomalous would be the granting of the right of appeal from the City Court to the District Court and the conferring upon both courts of concurrent original jurisdiction, as contended for by the District Attorney, for the effect would be to enable the prosecuting officer, if so inclined, to deprive some of the right of appeal, by instituting the proceedings in the District Court, and according it to others for the same offenses, by instituting the proceedings in the City Court. Respondent was unable to accept such results as being contemplated by or resulting from the language of the Constitution and of the statutes."

"A further reason in support of the construction adopted by respondent was found in the fact that the Constitution of 1898 imposed upon the District Judges, outside of Orleans, the additional duties and labors of presiding in courts of appeal away from the parishes of their own districts. And it was consistent that the Article 96 of the Constitution was designed to enable the General Assembly to relieve of a portion of their labors in criminal matters, those district judges, whose districts contained cities of more than five thousand inhabitants, by establishing in such cities minor courts for the original trial of minor offenses, with the right of appeal to the District Court."

"Respondent denies that any injury can result to the State or to the relator, or to any right of either; by holding that original jurisdiction in the cases in question is in the City Court and not in the District Court, for, it being unquestioned that the City Court has jurisdiction, it is open at all times, with a constantly present judge, for the prose-

cution and trial of such causes, and the State has always a competent court 'for the punishment of infractions of the Act 57 of 1899.

"For the foregoing reasons respondent respectfully submits, that the writ of *mandamus* herein prayed for should not be made peremptory, and that the alternative writ issued should be revoked and set aside."

## OPINION.

By Article 109 of the Constitution the District Courts of the State have "unlimited and exclusive original jurisdiction in all criminal cases except such as may be vested in other courts authorized by the Constitution."

In Article 96 of the Constitution it is declared that "no judicial powers except as committing magistrates in criminal cases shall be conferred on any officer other than those mentioned in this title, except such as may be necessary in towns and cities, provided the General Assembly shall have the power to abolish justice of the peace courts in wards containing cities of more than five thousand inhabitants and to create in their stead courts with such civil jurisdiction as is now vested in justices of the peace, and with criminal jurisdiction, which shall not extend beyond the trial of offenses not punishable at imprisonment at hard labor under the laws of the State and of violation of municipal and parochial ordinances, and the holding of preliminary examinations in cases not capital."

Act 48 of 1900, on which respondent judge relies in support of his position, is an act entitled: "An act abolishing the offices of justice of the peace and constable in Ward Six (6), Iberia Parish, and creating in their stead the City Court of the City of New Iberia.

By the first and second section of this act the offices of justice of peace and constable were abolished and ordered to be superseded by a court to be known as the City Court of the City of New Iberia.

The third section of this act was as follows:

Be it further enacted, etc. That said City Court shall have such civil jurisdiction is as now vested in justice of the peace, and criminal jurisdiction of offenses committed in said ward and not punishable by imprisonment at hard labor under the laws of this State, and exclusively of violations of the ordinances of the City of New Iberia, and of the ordinances of the Police Jury of the Parish of Iberia within the limits of the ward, with power to arrest, examine, commit and discharge in all cases not capital. Persons sentenced to a fine or imprisonment

hy said City Court shall be entitled to an appeal to the District Court of the parish, upon giving security for fine and costs of court, and in such cases trial shall be *de novo* and without juries.

It will be noticed that there is no attempt made by the Legislature to oust the jurisdiction by this act of the District Court of the Nineteenth Judicial District. It is claimed, however, that the passage of that act had that effect, *ipso facto*. It is claimed that it is irreconcilable that two courts should have jurisdiction over the same subject matter with one of the courts having appeals over the judgments of the other. There have been frequent instances of this concurrence of jurisdiction with appellate jurisdiction by one of the two courts over the other.

Wells in his treatise on Jurisdiction, Chapter 19, Section 154, says:

"It is competent to the legislature to assign the adjudication of a particular class of subjects to a single court exclusively; or, otherwise, to allow several courts to exercise a special jurisdiction on the same branch of a general jurisdiction, and this may extend to justices of the peace and District Courts. (a). However, unless a concurrence is directly or indirectly provided for, it does not exist; as it does not come by implication merely. And so, when a statute upon a general subject specifies or creates a tribunal to determine the questions thereon arising, the jurisdiction so conferred is exclusive, in the absence of anything to express the contrary (b) in the statute itself, or elsewhere; although, if a statute gives a particular jurisdiction to a court, while another possesses such jurisdiction already, this does not oust the former, but the two are concurrent, when the statute does not expresely take away the pre-existent authority.

"The Supreme Court of Florida in State *ex rel.* Buckhiett vs. Butt, Judge, 5 S. Rep., 597, held that "A mere grant of jurisdiction to one court to try a certain class of criminal offenses, is not a withdrawal from another court of an existing jurisdiction to try the same offenses. An act whose terms purport simply to grant to the Circuit Court jurisdiction of an offense which such act makes a misdemeanor, will not be held as having been intended to deny to the County Criminal Courts of record their constitutional jurisdiction of such offense, but should be construed as simply a grant of concurrent jurisdiction to the Circuit Court. Whether such grant of concurrent jurisdiction is constitutional, not involved nor decided."

We adopt the above quoted views as sound. We think the only question presented to us in this controversy is the one which we have just decided.

For the reasons assigned, it is ordered, adjudged and decreed that the writ of *mandamus* prayed for by relator issue, directed to the Hon. T. Don Foster, presiding judge of the Nineteenth Judicial District Court in and for the Parish of Iberia, directing and commanding him to try and decide the several cases mentioned in relator's petition.

PROVOSTY, J. takes no part—this case having been submitted prior to his taking his seat on this bench.