————o————

No. 6020.

## J. E. McADAMS vs. WELLS FARGO EXPRESS CO.

### Application for Writ of Certiorari and Prohibition.

### Syllabus.

Where a new remedy is given for the enforcement of a pre-existing right, the presumption is that it is intended to be concurrent with, and not exclusive of, an already existing remedy, unless the contrary clearly appear.

Appeal from the Civil District Court, for the Parish of Orleans, Division "D," No. .... Hon. Porter Parker, Judge.

Hunter C. Leake and Johnston Armstrong, for relator,

E. Howard McCaleb, for respondent Judge.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff, a shipper, brought suit before the Courts for the recovery of certain overcharges, claiming that de-

fendant, an express company, had charged him in excess of the rates fixed by the State Railroad Commission.

Defendant excepted to the right of the Court to proceed herein, alleging that by Act 175 of 1912, the cognizance of such matters had been vested in the Railroad Commission itself. And his exception having been overruled, he applies to this Court for a writ of prohibition.

Eliminating all extraneous issues, the question finally presented is this; whether the new remedy was intended to be exclusive of all others?

Now it is undeniable that a shipper, charged rates in excess of those fixed by the Commission, had a legal right to recover the overcharges, and a remedy before the Courts, prior to and independent of the aforesaid Act of 1912.

> Pine Tree Lumber Co. vs. Chicago, etc., Ry. Co., 123 La., 383.

And where a new remedy is given for the enforcement of a pre-existing right, the presumption is that it is intended to be concurrent with, and not exclusive of, an already existing remedy, unless the contrary clearly appear. State ex rel. Muller vs. Judge, 105 La., 315 (321). This is elementary.

> See, Blackstone, Book 1, p. 90; Kent, Vol 1, p. 467.

But Act 175 of 1912, nowhere states that the remedy therein provided shall be exclusive of all others, and nowhere requires a person having a claim againsi a carrier to apply to the Commission alone for redress. The title gives no indication of such intention, being simply "to authorize and empower the Commission to award money damages, etc;" and the language of the Statute itself is,

that any person complaining, i. e., seeking redress, "may apply" to the Commission, etc.

The Statute then does not purpose to provide an exclusive remedy; and thus the plaintiff may avail himself of such other legal remedy as he chooses.

It is therefore ordered that the preliminary order herein issued be recalled, and the writ of prohibition herein asked for be denied.

Writ of prohibition denied.

Opinion and decree, January 12th, 1914.

Claiborne, J., takes no part.