(67 South. 828)

No. 21065.

STATE v. DANTONIO.

(Feb. 23, 1915.)

*(Syllabus by the Court.)*

CRIMINAL LAW &xoed98;84—JURISDICTION OF CITY COURTS—VALIDITY OF STATUTE:

That provision of an act of the General Assembly which attempts to confer on city courts "exclusive" jurisdiction in certain criminal cases is violative of article 109 of the Constitution, which gives unlimited and original jurisdiction in all criminal cases to the district courts throughout the state. The jurisdiction must be concurrent.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 115–124; Dec. Dig. &xoed98;84.]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; J. B. Lancaster, Judge.

Joe Dantonio was convicted of selling intoxicating liquors without a license, and appeals. Affirmed.

Fred J. Heintz, of Covington, for appellant. R. G. Pleasant, Atty. Gen., and J. Vol Brock, Dist. Atty., of Franklinton (G. A. Gondran, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Defendant appeals from a conviction of and sentence for selling spirituous and intoxicating liquors without having previously obtained a license to do so.

A plea to the jurisdiction of the district court was based upon section 45 of Act No. 14 of 1914, p. 31, which gives to the city court of Bogalusa "civil jurisdiction now vested in justices of the peace, exclusive criminal jurisdiction to try offenses not punishable by imprisonment at hard labor under the laws of the state," etc.

The plea was overruled by the district judge, on the ground that the Legislature was without authority to confer "exclusive criminal jurisdiction to try offenses not punishable by imprisonment at hard labor under the laws of this state" in the city court of Bogalusa.

Article 126 of the Constitution of 1913 gives to justices of the peace "exclusive original jurisdiction in all civil matters, where the amount in dispute does not exceed fifty dollars, exclusive of interest, and original jurisdiction concurrent with the district court when the amount in dispute shall exceed fifty dollars, exclusive of interest, and shall not exceed one hundred dollars, exclusive of interest," and over some other civil matters. The same article further provides:

"The General Assembly may by general or special laws invest justices of the peace in general or in any particular parish or parishes with criminal jurisdiction over misdemeanors to be tried with a jury composed of not more than five nor less than three persons, in such manner as may be provided by law, with the right of appeal to the district court in all cases, not appealable to the Supreme Court, as hereinbefore provided for."

And article 96 provides that:

"The General Assembly shall have the power to abolish justice of the peace courts in wards containing cities of more than five thousand inhabitants, and to create in their stead courts with such civil jurisdiction as is now vested in justices of the peace, and with criminal jurisdiction which shall not extend beyond the trial of offenses not punishable by imprisonment at hard labor under the laws of this state, and

of violations of municipal and parochial ordinances, and the holding of preliminary examinations in cases not capital."

But article 96 does not give to the General Assembly the right to create courts in the place of the justice of the peace courts with "exclusive" criminal jurisdiction. On the contrary, article 109 of the Constitution gives to district courts throughout the state, except in the parish of Orleans, "unlimited and exclusive original jurisdiction in all criminal cases except such as may be vested in other courts authorized by this Constitution," etc.

The jurisdiction in criminal matters given by article 109 of the Constitution to district courts cannot be taken away from such courts by the Legislature. The article permits the Legislature to confer concurrent jurisdiction with district courts upon other courts authorized by the Constitution. The latter are provided for in article 96, before referred to, which gives to the General Assembly the right to create courts in place of justice of the peace courts with limited civil and criminal jurisdiction. But, when this is done, and the justice of the peace courts have been abolished, the criminal jurisdiction conferred upon the newly created inferior courts must be exercised concurrently with the district courts.

The court, in State ex rel. Muller, Dist. Atty., v. Judge, 105 La. 315, 29 South. 806, issued a mandamus to compel the district judge to retain jurisdiction in a criminal cause where a city court of the city of New Iberia had been given limited criminal jurisdiction by the General Assembly. It is true in that case the General Assembly had not attempted to confer "exclusive" jurisdiction upon the city court of the city of New Iberia. In view of the constitutional provision giving to the district courts unlimited and exclusive original jurisdiction in criminal cases, and the other provision giving to the

General Assembly the right to create inferior courts with criminal jurisdiction over certain cases, the principles announced by the court in the Muller Case are applicable to this case.

The plea to the jurisdiction was properly overruled.

Judgment affirmed.