PAUL MANTALBANO & others *vs.* RALPH GOLDMAN.

Suffolk.    November 21, 1924. — November 24, 1924.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Finding by trial judge; Amendment; Appeal: frivolous.

An appeal by a plaintiff from an order of an Appellate Division dismissing a report by a trial judge was adjudged frivolous where, from the report, it appeared that the action was for alleged conversion of merchandise, that the plaintiff's evidence tended to show that the defendant procured the merchandise by fraudulently representing himself to be the proprietor of an establishment, while the defendant's evidence tended to show that he procured the merchandise on credit; and that the judge refused to find that the defendant made the representations alleged by the plaintiff to have been made by him, and found for the defendant.

CONTRACT OR TORT with a declaration as amended in two counts, the first for the purchase price, $24, of merchandise alleged to have been sold and delivered by the plaintiffs to the defendant, and the second for the conversion of a mattress. Writ in the Municipal Court of the City of Boston dated March 23, 1923.

Before the trial, the plaintiff was allowed to amend his writ and declaration by striking out the word " contract" and the first count of the declaration.

At the trial in the Municipal Court, evidence was introduced for the plaintiff tending to show that the defendant had gained possession of a mattress by fraudulently representing that he was the proprietor of the Commercial Manufacturing Company, while evidence for the defendant tended to show that he did not so represent himself and that the plaintiffs knew that he was only a salesman, and that he directed the plaintiff to send the bill for the mattress to him in care of the Commercial Manufacturing Company.

At the close of the evidence, the plaintiffs asked for the following rulings:

"1. On all the evidence the plaintiffs are entitled to have judgment.

"2. On all the law the plaintiffs are entitled to judgment.

"3. The fact that the defendant represented himself as the owner of the Commercial Manufacturing Company, when in fact he was not; is a conversion, and plaintiffs are entitled to judgment."

The judge refused the rulings, stating that he refused the third "as I do not find the defendant represented himself as the Commercial Manufacturing Company." There was a finding for the defendant and the case was reported to the Appellate Division, who ordered the report dismissed. The plaintiffs appealed.

*S. I. Jacobs,* for the plaintiffs.

No argument nor brief for the defendant.

BY THE COURT. This action was originally in contract or tort. The plaintiffs waived the count in contract and relied on the count in tort alone. That count alleged conversion of a chattel. There was evidence tending to show a sale

of that chattel by the plaintiffs to the defendant on credit. There was a general finding in favor of the defendant. Denial of the plaintiffs' requests for rulings, numbered one and two, to the effect that the plaintiffs were entitled to judgment, presents no error of law. The credibility of the witnesses was entirely for the trial judge. *Commonwealth* v. *Russ*, 232 Mass. 58, 70. *Lindenbaum* v. *New York, New Haven & Hartford Railroad*, 197 Mass. 314, 323. If he believed the testimony of the defendant, the plaintiffs were not entitled to recover. Request three was posited upon an alleged fact which the trial judge found did not exist. It was denied rightly.

Whether any amendment changing the form of action to contract ought to be allowed in the circumstances here disclosed is a matter within the jurisdiction of the trial court. *Johnson's Case*, 242 Mass. 489, 495, and cases there collected.

This appeal appears to be frivolous, and double costs are awarded against the appellants from the time when the appeal to this court was taken. G. L. c. 211, § 10.

*Order dismissing report affirmed with double costs.*