GEORGE THALL & another *vs.* JULIUS BERKOWITZ.

Bristol.   November 7, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Exceptions, Findings by judge.   *Contract,* Validity.

The lessee of a building under a lease in writing brought an action of contract against the lessor, at a hearing of which without a jury there was evidence that, after the execution of the lease, the defendant orally authorized certain plumbing repairs to be made and promised to pay "his share" of them. The plaintiff sought to recover a certain sum as the defendant's share of the repairs. The trial judge found for the defendant. The plaintiff excepted to such finding and stated in a bill of exceptions that his case was entirely presented to the trial judge as to the alleged agreement, but not completely presented in other respects, when such finding was made. *Held,* that the exception presented no question of law to this court.

It *was stated* that the alleged agreement above described was too indefinite to be enforced.

CONTRACT.   Writ dated June 28, 1927.

The plaintiffs' declaration was as follows: ". . . the plaintiffs . . . say that the defendant agreed with the plaintiffs to pay his (the defendant's) share of certain plumbing repairs made on . . . [certain premises]; that said repairs were made; that demand was made upon the defendant for payment for his share of the cost of the work done  to wit $88.15, and the defendant refuses . . . to pay the said sum . . . ."

The action was heard in the Superior Court by *Williams,* J., without a jury. The course of the trial is described in the opinion. The judge found for the defendant and the plaintiff alleged exceptions.

The case was submitted on briefs.

*G. Thall & J. Lipsitt,* for the plaintiffs.

No argument nor brief for the defendant.

SANDERSON, J.   This is an action of contract in which the plaintiffs seek to recover on an alleged agreement by the defendant to pay his share of certain plumbing repairs made on premises leased by him to the plaintiff Thall.   The plaintiffs excepted to the order of the court directing a verdict for the defendant.   The bill of exceptions states in substance that the plaintiffs' case was entirely presented as to the alleged contract but not completely presented in other respects when the judge "ordered a verdict" for the defendant.   The record, however, discloses that the judge made a finding for the defendant.

The lease provided that "The lessor agrees to make whatever repairs may be reasonably necessary on the exterior of said leased premises, and the lessor to be solely responsible for interior repairs as needed."   The plaintiff Lipsitt was jointly interested with the plaintiff Thall in the lease and the leased premises, and all discussions leading to the insertion of the quoted clause in the lease were between Lipsitt and the defendant.

The evidence tended to prove that a few days after the execution of the lease the defendant and Lipsitt discussed certain repairs to be made in the plumbing in the building, and Lipsitt was instructed to proceed with the work needed, the defendant saying that he would pay his share; that after the work was completed at a cost of $204.42, the plaintiffs demanded of the defendant $88.15, as his share.   The defendant offered a lesser sum in payment therefor which the plaintiffs refused.   The judge excluded testimony as to oral negotiations leading to the execution of the lease.   There seems to have been no exception saved to the ruling as to the admission of this testimony, but if it be assumed that an exception was intended to be saved, it must be overruled. *Goldband* v. *Commissioner of Banks,* 245 Mass. 143, 150. The judge admitted all testimony offered as to a conversation with the defendant after the lease was executed, and said, to the plaintiff Lipsitt, "You are declaring on a special agreement that he should pay his share, to wit, one third or one half . . . of certain plumbing repairs.   You are not declaring

on the lease," and Lipsitt said, "It is an agreement that followed the making of a lease, and I contend this carries itself along." After hearing the arguments of counsel as to the contract, the judge stated that he should find for the defendant. The plaintiffs then asked that their exception be saved. Upon the record it does not appear that any exception was saved except to the finding for the defendant.

The plaintiffs cannot be prejudiced by a finding against them made before their case was closed but after all of their testimony concerning the contract was in, unless, upon that testimony, the judge was bound to find that a contract had been proved for a breach of which the defendant was liable. The exception to the finding presents no question of law. The judge may have found that the plaintiffs had not maintained the burden of proving the contract alleged. *Mantalbano* v. *Goldman,* 250 Mass. 268, 270. If it be assumed that the plumbing done was that authorized by the defendant, and that an agreement subsequent to the making of the lease was made in the terms stated by the witness, to the effect that the defendant would pay his share of the expense of that plumbing, the agreement is so indefinite that no finding for any particular share of the cost could be based upon it. *Cheney Bigelow Wire Works* v. *Sorrell,* 142 Mass. 442. *Marble* v. *Standard Oil Co.* 169 Mass. 553. *Read* v. *McKeague,* 252 Mass. 162, 164. *Knowles* v. *Griswold,* 252 Mass. 172. Considering all the evidence introduced by the plaintiffs in the light most favorable to them, no valid contract subsequent to the making of the lease was proved. The question whether the defendant would be liable for the repairs under the agreement in his lease is not presented by this record.

*Exceptions overruled.*