PEERLESS PETTICOAT CO. *vs.* COLPAK-VAN COSTUME CO.

Suffolk.    November 6, 1930. — November 25, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Contract,* What constitutes. *Evidence,* Competency, Extrinsic affecting writing. *Practice, Civil,* Appellate Division.

At the trial in a district court of an action by a lessee against a corporation, sublessee of a loft in a building, for $1,000 and rent for a portion of a month, it appeared that, at a time when it was desired that the plaintiff move and that the defendant assume the lease, the defendant submitted to the plaintiff a letter stating that it was willing to take a sublease of the loft "at the price that you are paying the landlord with the understanding that the same will be vacant on or before" July 15, and that in "consideration of same, we are willing to pay one thousand dollars towards the expense for you to move." There was evidence that the plaintiff refused to agree to such terms and that later the parties orally agreed that the plaintiff should move between July 25 and August 1, that the defendant should pay $1,000 toward the plaintiff's moving and rent for the unexpired part of the month at the rate at which the plaintiff was paying.  Upon the plaintiff's asking for a writing, an officer of the defendant returned the letter previously submitted, saying: "If my word is no good, my writing is no good."  The plaintiff moved on July 19.  The defendant contended that the plaintiff was bound by the letter and that, as he did not move within the time therein specified, he could not recover. The judge found for the plaintiff for $1,000 plus a portion of a month's rent.  *Held,* that

(1) A letter and a bill sent by the plaintiff to the defendant, and statements as well as action of the defendant in dealing with them, properly were admitted in evidence, as also were letters sent by the plaintiff to a telephone company and to a lighting company notifying them to cease after July 19 service formerly given him as occupant of the premises: they were evidence of conduct of the parties bearing on the question, whether a definite and binding agreement was reached;

(2) No request having been made by the defendant to limit the use of such evidence, it could not object, on a report to the Appellate Division, that the letter and the bill contained self-serving statements by the plaintiff;

(3) It was a question of fact, whether the letter of the defendant to the plaintiff was intended or understood to be anything other than a memorandum, and the judge was warranted in finding that the contract was oral; and the record showed that he did so;

(4) Since the contract was found to have been oral, it was proper to admit evidence of all the negotiations to show its terms: the fact

that it was partly evidenced by writing did not require the exclusion of evidence other than the writing;

(5) A finding was warranted that the plaintiff performed the contract within the period required in the oral contract found by the judge.

CONTRACT, with a declaration in three counts, the first and second upon an agreement by the defendant "that if your plaintiff would vacate the premises formerly occupied by the plaintiff at 35 Kneeland Street in said Boston, on or before July 25, 1929, that your defendant would pay to your plaintiff the sum of $1,000"; and the third for $142.28, "rent due from defendant to plaintiff for one-third month." Writ in the Municipal Court of the City of Boston dated August 14, 1929.

The evidence at the trial in the Municipal Court "most favorable to the plaintiff" was to the following effect:

The plaintiff and the defendant were lessee and sublessee respectively of a loft, the sixth floor of the building numbered 35 on Kneeland Street, in Boston.  The officers of the plaintiff and defendant had several conversations relative to the plaintiff's vacating the loft and the defendant's "assuming the same."  The plaintiff desired $1,250 and wished to vacate between July 25, and August 1, 1929.  On June 10, 1929, the defendant delivered to the plaintiff the following:

"JUNE 10, 1929"

"As per conversation with you in reference to sub-leasing the floor at 35 Kneeland Street from you, we are willing to do so at the price that you are paying the landlord with the understanding that the same will be vacant on or before the 15th of July.

"In consideration of same, we are willing to pay one thousand dollars towards the expense for you to move."

Yours respectfully,

[Signed] COLPAK-VAN COSTUME Co."

The plaintiff's president was in New York and its treasurer asked the defendant to let the matter remain in abeyance until the president returned.  A few days later the

plaintiff's president returned the above writing to the defendant, stating that he would not accept it. Thereafter on the same day the plaintiff's president and treasurer and the defendant's treasurer had a conversation wherein the plaintiff's president and treasurer stated that they would move between July 25, and August 1, 1929, and the defendant's treasurer said that the defendant would pay $1,000 toward the plaintiff's moving and rent at the rate which the plaintiff was paying for the unexpired part of the month starting with the day that the plaintiff moved out. The plaintiff asked that this agreement be reduced to writing. The defendant's treasurer then returned to the plaintiff the foregoing letter of June 10, 1929, and said, "If my word is no good, my writing is no good." The plaintiff retained the letter and introduced it at the trial.

The plaintiff moved on July 19, 1929. Prior to moving the plaintiff sold some benches and tables in said premises to one Glassman, a carpenter.

The judge refused to rule, in substance, that "on all the evidence" the time set for performance by the plaintiff was July 15, 1929, that that time had not been extended, and that, having failed to perform on or before that day, the plaintiff could not recover.

Other evidence and rulings by the judge are stated in the opinion. He found as follows: "All the evidence and reasonable inferences lead me to the conclusion that facts as alleged in plaintiff's declaration are true. I award $1,000 and rent from Tuesday, July 23, 1929"; found for the plaintiff in the sum of $1,124.56 and reported the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

*E. M. Dangel,* (*L. E. Sherry & I. M. Davis* with him,) for the defendant.

*A. A. Ginzberg,* for the plaintiff.

WAIT, J. The plaintiff, lessee of certain premises, brought this action to recover upon promises made by the defendant, a sublessee, to pay $1,000 if the plaintiff would remove therefrom within a certain time, and to pay the rent for a portion of a month. The defendant

pleaded a general denial and many defences, among them the statute of frauds. The Appellate Division dismissed a report by the trial judge, who found for the plaintiff. The case is before us upon appeal from the order of dismissal. We deal only with the matters which have been argued by the defendant.

Whether a definite and binding agreement was reached between the parties was matter of fact to be determined, in part at least, by inferences drawn from their conduct. Evidence of conduct was therefore admissible; and, for that reason, a letter and a bill sent by the plaintiff to the defendant, and the statements as well as the action of the latter's officers in dealing with them, were properly admitted in evidence. The self-serving statements of the letter and bill were not properly admissible as proof of the facts stated; but, since no request was made to limit the use of the evidence, no good exception lies to its reception so long as on any ground and for any purpose it could be admitted properly. *Eveland* v. *Lawson,* 240 Mass. 99, 103.

The same reasoning applies to the admission of letters sent by the plaintiff to a telephone company and to a lighting company notifying them to cease service to it on the premises in question after July 19.

The defendant contended that a certain writing embodied the agreement, if any was made; and objected to the admission of conversations and negotiations prior to its delivery, and to evidence of actions of the plaintiff's officers or agents and of certain persons with whom they dealt, on the ground that the language of the contract could not be varied or contradicted. There was, however, a question of fact, whether the writing in question was intended or understood to be anything other than a memorandum — whether there was an oral or a written agreement. The judge could properly find the contract an oral one. His decision and rulings show that he did so regard it. His admission of the evidence objected to was proper. The parol evidence rule was not applicable. It is not necessary to recite the evidence in detail. We

are satisfied that there was no error in finding a definite and complete oral agreement, performed by the plaintiff in so far as it was bound to perform.

Seven of the defendant's thirteen requests for rulings were given. Of the six refused, four were denied because inapplicable upon the facts as found. Clearly this was correct. *Bradley* v. *Meltzer,* 245 Mass. 41, 43. *Bottini* v. *Addonizio,* 261 Mass. 456. The others were denied properly. The evidence did not require a finding for the defendant nor that the plaintiff failed to perform at the time agreed. The contentions argued for the defendant all fail when a binding written agreement fades from the case. The order must be

*Order dismissing report affirmed.*