Eno, J.
By this action of contract the plaintiffs seek to recover damages for the breach of a written agreement for roofing work done oh plaintiffs’ property.
*73 The answer is a general denial and payment.
The trial judge made the following findings of facts:
“In this case, I viewed the premises and the subject matter in litigation twice; — once during the trial; and again, after the hearing, and after a severe rainstorm, on June 10, 1946, the parties requesting me to do so.
By request of counsel, the case was re-argued on July 19, 1946, at which time counsel asked that they be given leave to file briefs with me on or about August 1, 1946.
I find as follows:
On June 12, 1944, the parties entered into a written agreement, whereby, in consideration of $1000.00 to be paid by the plaintiffs, as follows: $500.00, on completion of the work, and $500.00 in two equal installments of $250.00 each; the first installment to be paid thirty (30) days after completion, and the last installment in thirty (30) days thereafter, (all payments were represented by two notes of $500.00, each and attached to the said agreement), the defendant agreed to construct or place a roof on building numbered 9 — 15—17 Munroe Street, in the City of Lynn.
The contract also provided that the defendant should ‘ remove gravel and tar down to paper and remove from premises’. ‘Apply six (6) courses; three (3) courses felt, and three (3) of hot asphalt. Install metal edging. Install conductor pipe from porch to metal spout. ’ It further provided that should a leak occur at any time within a period of ten years from ‘date of application, due to defective material, or faulty workmanship, we (meaning the defendant) will repair or replace the roof free of charge;’ and further providing, ‘We (meaning the defendant) do not guarantee against conditions over which we have no control, as for example . . . fire, lighting, hail, cyclone and hurricane . . . the owner, partial owner, or lessee (meaning the plaintiffs) agrees that we (meaning the defendant) shall not be liable for any interior damage’ . . . ‘if for any reason, the company (meaning the defendant) should try to collect the price of the contract for which this guarantee is given, the owner (meaning the plaintiff) hereby agrees that he waives all his rights under the guarantee ’ . . .
*74 The defendant completed the work on the roof on August 10, 1944, and was paid $500.00, as specified in the contract; and on the same day, it required, and the plaintiff signed, a memorandum, which read as follows:
‘ Certificate of Completion. I hereby acknowledge that the Tilo Roofing Co., Inc. has furnished the material and completed the work as specified in and in accordance with contract #3344-120 and the premises left in a satisfactory condition. ’
The remaining promissory note of $500.00 was endorsed by the defendant and transferred to the Stratford Credit Corporation, a finance company. Sometime in September and before the 14th day of September, the plaintiffs duly paid the first installment of $250.00 of the said remaining note. During September 14th, and the morning of the 15th, a severe rainstorm, accompanied by an intense hurricane, occurred, and caused the roof to leak badly. The rainwater, which leaked through the roof, damaged valuable merchandise belonging to the plaintiffs, which merchandise was then stored in the upper story of the building.
The plaintiffs promptly reported the facts of the leaking roof, and the damage to their merchandise, to the defendant. Whereupon, the defendant’s employees made some repairs to the roof.
In October, 1944, when the last payment of $250.00 became due, and was demanded of the plaintiffs they refused to pay, on the grounds that the roof was leaking ; and as a result of further complaints by the plaintiffs that the roof was leaking, the defendant’s employees on December 8,1944 did the following work on the roof: 'cement around parapets and penthouse’.
Subsequently, as a result of the plaintiffs ’ refusal to pay the remaining installment of $250.00, the Stratford Credit Corporation sued the plaintiffs on the note; and this action was tried together with the action of Stratford Credit Corporation vs. Lerman, #224 of 1945. At the conclusion of the trial, the plaintiffs, by agreement, fully paid, and settled the claim in the said action #224 of 1945, Stratford Credit Corporation vs. Lerman.
In consequence of further leaks in the roof, in July, 1945, the plaintiffs engaged another roofer, who made *75 temporary repairs, by attaching a conductor pipe on the roof; so as to channel the accumulated excess rainwater off the roof. The said roofer testified that the roof in its present condition could not be repaired; that where the sheets of paper are ‘mopped’, the joints are open; that there were only two plys of papers; that the roof needs to be reflashed, at the side adjoining another building; that there are leaks in the roof along side the walls and elevator shaft; that the roof could not be repaired, unless a new roof was built; and that the fair and reasonable charge for his work is $98.50.
I find that the defendant failed to comply with the terms of the contract by not doing the job in a workmanlike manner; that on August 10, 1944, when the plaintiff signed a memorandum called Certificate of Completion, it was not intended that it should exonerate and discharge the defendant from compliance with the terms and conditions of the contract; and that the said memorandum was intended to be a mere acknowledgement, that the work was completed on that day. In accordance with the terms of the contract the defendant is obligated to replace the roof ‘free of charge’. The fair and reasonable cost of replacing the roof is $1000.00. Therefore, I find for the plaintiff in the sum of $1000.00.”
The defendant filed the following requests for rulings, to which are added the trial judge’s disposition of them:
1. That the terms of the written contract and guaranty in this case govern and define the claim of the plaintiffs in this action. Given * 2. That the liability of the defendant to the plaintiffs in this action is confined to the terms of the written contract and guaranty, an exhibit in this action. Given. 3. That on all the evidence the damage as alleged in this action as suffered by the plaintiffs is not as a result of work done by the Tilo Roofing Company, Inc. Not given. See findings of fact. 4. That under the terms and conditions of the written contract and guaranty, an exhibit *76 in this case, the plaintiffs agreed that the defendant shall not he liable for any interior damage in the plaintiffs ’ building. Given. 5. That under the terms and conditions of the written contract and guaranty signed by the parties in this case, the guaranty is in effect only when time payments are not in arrear and/or when the contract price has been paid in full. Given. See findings of fact. Note endorsed and transferred to Stratford Credit. Corporation amounted to a payment on the note to the defendant. 6. That under the written contract and guaranty, an exhibit in this case, the defendant’s obligation under the guaranty is to repair or replace the roof in a reasonable time after notification that leaks are appearing. If proper notice was not given, the defendant is not obligated-to pay damages for repairs. Not given. Proper notice ivas given. 7. That all representations made previous to the written contract were merged in it and its language alone controls the rights between the parties. Given. 8. That under the terms and conditions of the written contract and guaranty, an exhibit in this case, the plaintiffs agreed that the defendant shall not be liable for hurricane damage. Given. 9. That the signing of the Certificate of Completion, an exhibit in this case, acknowledges that the defendant had completed its work as specified in the contract and left the premises in a satisfactory condition, and is conclusive evidence that the plaintiffs accepted the work of the defendant as complying with the contract. Not given. See findings of fact.
The case is before us on the denial of the defendant’s third, fifth (in part), sixth and ninth requests.
The third requested ruling is for a finding of fact and-therefore there was no error in its denial. Crowninshield Shipbuilding Co. v. Jackman, 283 Mass. 21, 22.
The fifth request was allowed. However, the defendant claims that it was refused “in part”. We think that the defendant has reference to the notation made by the trial judge on said ruling to the effect that the transfer of the *77 note constituted payment. In any event the request could not be given in the form requested. The wording of the request does not conform to the written agreement of the parties. The latter simply provides that “if for any reason the company should institute litigation to collect the price of the contract for which this guarantee is given, the owner hereby agrees that he waives all his rights under the guarantee”.
We interpret the judge’s notation to mean that the defendant, having assigned to a third party the promissory notes it received from the plaintiffs, it could not, and did not, institute litigation to collect them against the plaintiffs. Therefore, this requested ruling was not applicable to the facts found by the trial judge and there was no error in its refusal, if the request is considered as having been denied. Butrick v. Tilton, 155 Mass. 461; Rogers v. Abbott, 248 Mass. 220; Mantalbano v. Goldman, 250 Mass. 268; Peerless Petticoat Co. v. Colpak-Van Costume Co., 273 Mass. 289; Bianchi v. Denholm & McKay Co., 302 Mass. 469.
If, on the other hand, the granting of this request was inconsistent with the judge’s finding that the transfer of the note amounted to payment thereof, the defendant filed no motion for its correction. DiLorenzo v. The Atlantic National Bank of Boston, 278 Mass. 321, 323, 324; Langdoc v. Gevaert Co. of America, Inc., 315 Mass. 8, 12; see also Godfrey v. Caswell, 1947 Adv. Sh. 319.
The ninth and remaining request involves the construction of the certificate of completion, quoted by the judge in his findings of facts. It is true that “a party to a contract may bind himself to waive a legal right”. Taber v. Beaudette & Graham Co., 262 Mass. 99, at 103. That case however is different from the case at bar. In Taber v. Beaudette & Graham Co. there was an agreement providing “that a written acceptance of the equipment and installa *78 tian shall be a waiver of all further claims”. There is no such agreement in this case. Here the trial justice found that the ‘1 Certificate of Completion” in issue “was not intended that it should exonerate and discharge the defendant from compliance with the terms and conditions of the contract” that it “was intended to be a mere acknowledgement that the work was completed on that day”.
Furthermore, the gist of the requested ruling as phrased is that the signing of the Certificate of Completion is ‘ ‘ conclusive evidence that the plaintiffs accepted the word of the defendant as complying with the contract. ’ ’
It is stated in the Restatement of the Law of Contracts, Yol. 2, page 607, sec. 353 that
“Restitution is not available as a remedy for a breach by defective or incomplete performance if the injured party accepts performance with knowledge of the defects or incompleteness, unless the performance accepted by him is so connected with his own land or chattels that its rejection would require their abandonment or expensive alteration”.
And as an illustration of the above statements of law, the following appears on page 609:
“A contracts to repair a valuable rug belonging to B, the latter paying the price in advance. The repairs are made but are so badly done that the rug is injured rather than improved. The fact that B accepts the return of his rug, with its harmful repairs, will not prevent him from getting a judgment for restitution of the price”.
Another illustration appears on page 610:
“A contracts to install in B’s house a furnace of a specified capacity. B pays half the price in advance. After *79 completion, B uses the furnace; but it is so defective as to prove a total breach by A. The use by B is not such an acceptance as to deprive him of the remedy of restitution”.
While no Massachusetts cases are cited, we think it could not be ruled as a matter of law that the plaintiffs had waived the guarantee given them in the contract by simply signing the Certificate of Completion. 17 C. J. S., p. 1102, s. 514, and cases cited. Whether there was a waiver and acceptance were issues of facts. Wood v. Blanchard, 212 Mass. 53, 56. These issues were decided in favor of the plaintiffs.
There is, in addition, a very striking paragraph in the terms and conditions of the contract which reads as follows:
5. “All promises, understandings or agreements of any kind, pertaining to said note, or to this agreement, not mentioned herein, are hereby expressly waived; and it is agreed that this instrument shall constitute the entire agreement between the parties, and shall not be modified in any manner, except in writing signed by both parties”.
The Certificate of Completion introduced in evidence is signed only by ‘1 Bertha Lerman ’ ’, one of the plaintiffs. The defendant, not having signed this Certificate of Completion, cannot now claim that the contract was “modified”.
There being no prejudicial error, the report is tó be dismissed.

 The trial court’s ruling and Findings on each of the defendant’s requests for rulings are printed in italics folio-wing the request.