Rollins, J.
In this action of contract the plaintiff seeks to recover a balance of $131.88 due on a negotiable promissory note made by the defendants to the order of Twin Motor Sales and Service Inc., and by it sold and endorsed to the plaintiff in the regular course of business.
Among other defenses, the defendants pleaded that they were not furnished with a copy of the conditional sales contract, executed in connection with the note sued upon, as required by G. L. c. 255 $ 13, and that the failure to furnish the copy was due to the negligence of the plaintiff.
The parts of the above statute here material are: “A copy of every such contract (conditional sales contract) *25 shall be furnished to the vendee at the time of its execution. . . . Failure of the vendor through negligence to comply with any provision of this section shall suspend his rights under the contract while such failure continues.”
At the trial there was evidence tending to show the following facts: On or about May 20, 1947 the defendants purchased from the Twin Motor Sales and Service Inc., a second hand automobile and in part payment thereof ■ executed and delivered to that Company the promissory note here sued upon and also the conditional sales contract of said automobile. On May 21, 1947 the plaintiff, in the regular course of business, purchased said note and conditional sales contract from Twin Motor Sales and Service Inc. Subsequently the defendants defaulted on their payments, and the plaintiff repossessed the automobile, and sold it. After crediting the defendants with the proceeds of the sale, there remained due and owing from the defendants to the plaintiff the said sum of $131.88 which the plaintiff seeks to recover by this suit.
The conditional sales contract contained the following clauses:
A. “Purchaser represents that he has read the contract.”
B. “Executed in duplicate, one copy of which was delivered and retained by the purchaser this 20th day of May, 1947.”
Over the objection of the plaintiff, the Court admitted oral evidence by the defendants that they did not receive a copy of the conditional sales contract as required by the statute, and the plaintiff duly saved its rights to the admission of this evidence.
The plaintiff seasonably filed the following request for ruling of law:
*26 “That in view of the fact that the conditional sales contract states that the ‘Purchaser represents that he has read the contract,’ and further states that ‘Executed in duplicate one copy of which was delivered and retained by the purchaser this twentieth day of May, 1947, ’ the defendants are estopped to orally deny that they did not read the contract or receive a copy of the conditional sales contract as the same would be a violation of the Parol Evidence Rule.”
The Court denied the request and filed the following memorandum:
“The portion of the plaintiff’s request relating to evidence concerning not reading the contract is immaterial as I find the defendants signed and executed a valid contract. The remainder of the request is denied as being an incorrect statement of the law.”
The Court found for the defendants on the ground that they were not furnished with a copy of the conditional sales contract as required by the statute and that such failure to furnish a copy was negligent. The plaintiff claiming to be aggrieved by the admission of oral evidence that the defendants failed to receive a copy of the conditional sales contract and by the failure of the Court to allow the plaintiff’s request for ruling, the case is reported to this Appellate Division for determination.
The parol evidence that, through negligence of the vendor, no copy of the conditional sales contract was delivered to the defendants was properly admitted. This is so although the contract recited that one copy “was delivered and retained by the purchaser. ’ ’ The admission of this evidence was not a violation of the parol evidence rule.
Where parties adopt a writing as the final and complete expression of the agreement between them, prior or con *27 temporaneous oral agreements relating to the same subject matter cannot be admitted to add or vary the writing. Am. Inst. Restatement: Contracts, §228 and §237; Thomas v. Barnes, 156 Mass. 581, 583; Peerless Petticoat Co. v. Colpak Van Costume Co., 273 Mass. 289, 292. But the mere recital, in such writing, of a fact may be shown to be untrue, unless such fact is essential by law, to the creation or continuation of the obligation. Restatement: Contracts, supra, §243 and §244; McRae v. Pope, 311 Mass. 500, 505; Clark v. Deshon, 12 Cushing, 589, 590.
A delivery of a copy of the contract to the defendants was not here necessary to the existence or continuation of the contract. All parties had signed it and it was partially executed on both sides. Moreover the parol evidence rule does not extend to evidence that shows that the written contract was made in violation of a statute and parol evidence is admissible to show that a writing valid on its face is a mere cover for an illegal transaction. Commonwealth v. Weinfield’s Inc., 305 Mass. 108, 111.
The statute does not make the transaction here “illegal” in the ordinary sense, but it does make the conditional sales contract, and the accompanying note, unenforceable so long as no copy is delivered to the vendee. We believe the principle laid down in Commonwealth v. Weinfield’s Inc., supra, applies here.
The fact that the instant action was brought upon the promissory note and not upon the conditional sales contract is of no importance. The two instruments together form one complete transaction and the statute applies to both. The note describes the payee as the “seller” and the contract which provides for the payment of the balance of the purchase price reads in part;
*28 “ . . . said net balance due is evidenced by a promissory note executed in connection with this transaction
It will be noted that the statute by its terms applies to the note as well as to the contract when it provides—
“When a payment is made by the vendee under the terms of any such contract, on the request of the vendee, such payment shall be endorsed on the contract and ... on any promissory note which is evidence of the obligation of the vendee . . . .”
No prejudicial error appears and the order must be Report dismissed.