McBRIDE, Judge.
This suit, which arises under the Blousing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1881 et seq., is for treble damages because of alleged overcharges in ,rent exacted by defendant from plaintiffs, who were his tenants. The petition alleges that the overcharge amounted to $32.50 per month for a period of twenty-six months, aggregating $845.00. The prayer is for judgment for treble that amount, or $2535.00, plus a reasonable attorneys’ fee.
Defendant excepted below that all claims touching the exaction of excessive rental charges at times more than one year before the institution of the suit were prescribed, as provided in the Act. The plea of prescription was maintained as to the overcharges for the first fifteen and one-half months. It is conceded by counsel that the plea of prescription is meritorious to that extent, and that its maintenance ■by the court below was proper; therefore, the case before us involves the over *705 charges for the last ten and one-half months of said twenty-six month period. The matter comes to us on defendant’s appeal from a judgment in favor of plaintiffs for $1025.25, plus an attorneys’ fee of $100.00.
The material facts of the case are not in dispute. Defendant, as owner, leased Apartment “A” of 4316 Prytania Street, under a verbal arrangement, to plaintiff at a monthly rental of $75.00, commencing August 1, 1948. Defendant exacted and received rent at that rate through the month of September, 1950, or for a period of twenty-six months in all. On January 1, 1942, the maximum rent for the apartment was established by the rent director of this area at $42.50 per month, and there had been no increase, by order of the rent director, in the allowable maximum rent for the period under consideration.
The suit is defended upon the sole ground that defendant acted in good faith and labored under a misapprehension; it is claimed that the premises were well worth $75.00 per month due to the defendant having expended $650.00 in renovating the apartment before plaintiffs commenced their occupancy thereof.
Section 205 of the Housing and Rent Act of 1947, as amended by the act of March 30, 1949, 50 U.S.C.A.Appendix, § 1895, in force at the time of the institution of the suit below, reads: “Sec. 205. Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment (or shall be liable to the United States as hereinafter provided), for reasonable attorney’s fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. ‡ ‡ # if
Firstly, the defendant contends that in no event is he liable for more than the restitution of the overcharges, as the plaintiffs have failed to prove that he acted either willfully or in bad faith in collecting the rent agreed upon by the parties. We cannot agree that the plaintiffs bore such burden of proof. Any plea by the landlord that the violation was neither willful nor resulted from a failure to take practicable precautions was an affirmative defense, and the tenants are not required to bear the burden of negating such a plea. Gibson v. Brasher, La.App., 50 So.2d 59.
Defendant also takes the position that § 205 of the Act, with which we are concerned, is penal in nature and can be likened to a criminal statute, and that, therefore, under well established jurisprudence of this State, its provisions should be strictly construed, as penalties and forfeitures are not favored in the eyes of the law. We believe that this argument is wholly without merit, since it has been held that such acts are not penal statutes. See Whatley v. Love, La.App., 13 So.2d 719. By the verbiage of § 205, the amount which the tenant might recover in an action such as this is termed not a penalty, but “liquidated” damages.
In an effort to support the plea of good faith, defendant relies on his own testimony, which is to the effect that after making the renovations to the property before the possession of plaintiffs, he telephoned the Rent Control Office and made inquiry if it would be necessary to reregis-ter the property, and that he was given to understand by the person who answered the telephone at the Rent Control Office that no such new registration was necessary.
Even accepting the defendant’s testimony at its face value, we cannot say that he had taken proper precautions against the occurrence of a violation of the Housing and Rent Act. Defendant is an in *706 telligent business man, and it seems to us, under the circumstances, that he should have done more than merely call the Rent Control Office by, telephone. He was well cognizant of the fact that the ceiling rental for the apartment was but $42.50 per month. Caution should have dictated to him that he take the steps required by the regulations of the Rent Control Administration to have legally effected a rent increase before exacting from plaintiffs a monthly rental which exceeded the maximum amount previously established. Even though the improvements in question enhanced the value of the property, all the defendant was entitled to collect was $42.-50 per month, and he had no right to charge more, even taking into consideration the substantial improvements which might have been made to the apartment.
Prior to the advent of the Housing and Rent Act of 1947, actions by tenants for damages for overcharges in rent were controlled by the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. Under § 205(e) of the Emergency Price Control Act of 1942, courts, in entertaining suits by tenants for multiple damages, were vested with discretion as to the amount to be awarded, and any amount -between the overcharge and treble thereof was allowable. But under the provisions of the Housing and Rent Act of 1947, as amended by the act of March 30, 1949, hereinabove quoted, we are endowed with no discretion whatsoever in fixing the amount of the judgment. We are bound to award to the aggrieved tenant treble the amount of the overcharges as liquidated damages. Gibson v. Brasher, supra. We find no error in the judgment appealed from awarding such damages to the plaintiffs.
Appellant makes the alternative contention that, in the event judgment is to be rendered in favor of plaintiffs, he is entitled to an offset against the amount thereof to the extent of $127.50, representing rent for the months of October, November, and December, 1950, at $42.50 per month. Appellant testified that he has never cashed appellees’ checks representing October and November rent, and his counsel made tender thereof to ap-pellees during the course of the trial. Appellant further testified that he did not collect the December, 1950, rent. The aggregate for the three months is the amount claimed by appellant in offset against the judgment. We notice that the appellant did not specially plead compensation or offset, -and in the absence of such a special plea the set-off which he claims cannot be allowed. Compensation and set-off are pleas which must be specially made. C.P. art. 367; Monroe Grocer Co. v. J. A. Perdue & Co., 123 La. 375, 48 So. 1002; Ruhlman v. Smith, 15 La.Ann. 670.
Appellees, in an answer to the appeal, seek an increase in the amount of the attorneys’ fee. The sum of $100.00 was allowed by the trial judge, and viewing all circumstances of the case we believe that the amount is adequate.
It appears to us that the defendant was sincere, and his counsel was serious, in making the defense to this suit and in perfecting and prosecuting the appeal, and we are unwilling to say that the appeal is frivolous. An allowance of damages under C.P. art. 907, for the prosecution of an appeal as frivolous, is unwarranted where it is not manifest that the appeal was taken merely for delay or that appellant did not believe in the merits of his defense. Silberberg v. Kalil & Mickal, 159 La. 560, 105 So. 620.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.