McBRIDE, Judge.
This suit arose under § 205 of the Housing and Rent Act of 1947, as amended by the act of March 30, 1949, 50 U.S.C.A. Appendix, § 1895, and by it plaintiff seeks to recover treble damages because of alleged overcharges in rent exacted and collected by defendants from him as tenant of the premises 1239 St. Ferdinand Street. The petition alleges that the maximum rent fixed by the Office of the Housing Expediter was $42.50 per month, but that defendants illegally collected $75 per month for the twenty-month period of his tenancy, or an aggregate overcharge of $650. Plaintiff prays for a judgment for $1,950, plus a reasonable attorney’s fee.
Defendants deny that they were guilty of overcharging plaintiff.; they admit that they entered into a verbal lease with him and collected from him $75 each month; however, they allege that under the agree-. *776 ment, the monthly rental for 1239 St. Ferdinand Street was fixed at $42.50, and that it was understood that plaintiff, who was desirous of raising chickens and turkeys for commercial purposes, would have the use of the large lot adjoining the rear of the house in said pursuit, and that for the use of the lot plaintiff would pay $32.50 per month. From a judgment in favor of plaintiff in the sum of $1,300, plus a $250 attorney’s fee, defendants have appealed.
Section 205 of the Housing and Rent Act of 1947, as amended by the act of March 30, 1949, 50 U.S.C.A. Appendix, § 1895, in force at the time of the institution of the suit, reads:
“Sec. 205. Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment (or shall be liable to the United States as hereinafter provided), for reasonable attorney’s fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. * * * ”
There is a sharp conflict in the testimony as to whether both the house and lot were embraced within the lease. Mrs. Cure and her son Charles asserted that they leased both the house and the lot to plaintiff as alleged in their answer. Plaintiff claims that he rented the house only and that it was understood that the monthly rent therefor would be $75; he admits that he made use of the lot by keeping about twenty chickens thereon; he denied that he raised the chickens as a commercial venture. He stated: “I was told I could use the lot if I kept it clean, which I did.”
The trial judge resolved the factual situation favorably to plaintiff and we can assign no reason for holding that he erred. It would be difficult to believe that White had agreed to pay $32.50 per month for the use of the vacant lot for the keeping of not more than twenty chickens at one time.
There is .also in the record some testimony which undoubtedly swayed the judge in arriving at his conclusion. It was shown that a former tenant of defendants named Wooley had occupied the house from March 1, 1946, at a rental of $75 per month. Wooley complained to the Rent Director that the dwelling unit had never been registered in the Housing and Rent Office by defendants. As a consequence of the complaint, Mrs. Cure filed a registration statement on February 24, 1947. The Rent Director, after a physical inspection of the premises, determined the fair rental value was $42.50, and after giving notice to Mrs. Cure to that effect, he, on June 26, 1947, issued an order reducing the rent from $75 to $42.50 per month, the reduction to be retroactive to February 1946. The revision was made retroactive for the reason that the registration required by the federal law had not been timely filed. The rent reduction order stated by its terms that the landlord was required to refund any excess rent collected over and above the amount fixed in the order. Subsequently, the Rent Director received a statement signed by the landlord, Mrs. Cure, and the tenant, Wool-ey, which showed that a refund of $520 had been made by Mrs. Cure to Wooley.
The judgment awarded plaintiff double the amount of the overcharge. Prior to the enactment of the Housing and Rent Act of 1947, actions by tenants for damages for overcharges in rent were controlled by the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901, et seq. Under § 205(e) of the Emergency *777 Price Control Act of 1942, courts in entertaining suits by tenants for multiple damages were vested with discretion as to the amount to be awarded, and any amount between the overcharge and treble thereof was allowable. However, under the provisions of the Housing and Rent Act of 1947, as amended, the pertinent part of which is hereinabove quoted, courts are not endowed with discretion in fixing the amount of the judgment. The aggrieved tenant, in the absence of a showing of good faith on the part of the landlord, is entitled to a judgment for treble the amount of the overcharges as liquidated damages. Gibson v. Brasher, La.App., 50 So.2d 59; Guidroz v. O'Neil, La.App., 57 So.2d 703. However, as plaintiff has not answered defendants’ appeal, we are powerless to increase the amount of the judgment.
The amount of the attorney’s fees allowed the plaintiff seems to be fair and reasonable.
For the reasons assigned, the judgment appealed from will be affirmed.
Affirmed.