*Southern District*

No. 9343

## GEORGE NEIL

v.

## HAROLD ANTI

*Cox, J.* This is an action to recover treble damages and an attorney's fee because of overcharges of rent alleged to have been made by the defendant for the period October, 1949 to January 15, 1953. Housing and Rent Act of 1947 (61 U.S. Sts. at Large, 193 et seq.). The answer contained a general denial and a denial of willfulness in overcharging. By amendment, the defendant filed a declaration in set-off alleging arrearages in rent from September 1, 1952 to January 31, 1953, inclusive. The plaintiff answered that he paid $850.00 over the entire rental period for which the legal rent was $693.00. The plaintiff further answered that no rent was due for the period from January 15 to January 31, 1953 since he vacated the premises after a raise in rent terminated the tenancy, making him liable only for use and occupation.

The trial judge made the following findings: "I find for the plaintiff (Defendant in Set-off) George Neil in the sum of $56.00. I find that the overcharge was not wilful.

"I find for the defendant (Plaintiff in Set-off) Harold Anti in the sum of $90.

"I do not pass upon the Plaintiff (Defendant in Set-off) George Neil's 'Plaintiff's Request for

Rulings of law and Findings of Fact'."

The case is before us, on a report established by the Appellate Division, because the plaintiff claims to be aggrieved by the refusal of the judge to pass upon his requested rulings of law numbered 4, 7, 8, 9, 10 and 11, the refusal of an attorney's fee and the finding of "non-wilfulness".

The judge's failure to pass on the plaintiff's request for rulings is treated as an implied denial of the requests. *Hogan v. Coleman,* 326 Mass. 770, 772.

The plaintiff's requests numbered 7, 8, 9, 10 and 11 are as follows:

"7. A landlord guilty of wilfully receiving rent overcharges is absolutely liable to his tenant for reasonable attorney's fees, costs, and liquidated damages of three times the amount by which the payment exceeded the maximum rent which could have been lawfully demanded, and the court has no discretion to rule otherwise on the amount. *Gibson v. Brasher,* 50 So. 2nd 59, *Weyercheck v. Givens,* 186 F 2nd 85, and *Sampson v. Thomas,* 76 F. Supp. 691.

"8. The word 'wilful' is intended to mean that the landlord's conduct must be intentional as distinguished from accidental, or conduct marked by careless disregard of its rightfulness. *Piazza v. Zimmerman,* 49 So. 2nd 491.

"9. A plea by the defendant that his violation was not wilful is an affirmative defense and the burden of proof rests on the defendant. *Gibson v. Brasher, supra.*

"10. Where rent overcharges have been proven, the court has no discretion to grant a judgment for the plaintiff in a sum less than the amount of such overcharge, plus reasonable attorney's fees and costs. *Jackson v. Woods,* 182 F 2nd 338.

"11. In defense to a suit for overcharge of rent, the landlord cannot increase his rent to a figure he thinks proper and then offer to prove in court the existence of facts under which he would have been entitled to the same increase had he applied for it under regular administrative procedures. *Dauksewicz v. U. S.,* 194 F 2nd 52."

Request numbered 4 could not properly have been given. The one year provision in the Housing Act has been held to be "a limitation not only on the remedy but also on the right, so that damages may be recovered only on account of violations occurring within the year next preceding the commencement of the action." The fact that the claim for rent arrearages in the defendant's declaration in set-off is subject to a six year limitation, see G.L. (Ter. Ed.) C. 260, s. 2, cannot by inference or analogy increase the specific one year limitation of the Housing and Rent Act. We reject the contention that it does, on the authority of *Hogan v. Coleman,* 326 Mass. 770, 776.

The judge found that the overcharge by the defendant was not willful. If that conclusion finds support in the evidence, then the plaintiff's requests numbered 7, 8 and 9, even though stating the law correctly, became inconsequential as a result of the finding and the plaintiff was not prejudiced by their implied denial. *Liberatore v. Framingham,* 315 Mass. 538, 544; *Belkus v. Brockton,* 282 Mass. 285, 290; *Peerless Petticoat Co. v. Colpak-Van Costume Co.,* 273 Mass. 289, 293. On the other hand, if the evidence required a finding that the violation was willful, then there was error in the denial of the requests numbered 7, 8 and 9. *Perry v. Hanover,* 314 Mass. 167, 170; *Memishian v. Phipps,* 311 Mass. 521; *Peerless Petticoat Co. v. Colpak-Van Costume Co.,* 273 Mass. 289, 293.

There was evidence that the plaintiff occupied the premises owned by the defendant at 17 Howland Street in the Town of Plymouth, from October, 1949 to January 15, 1953; that the maximum legal rent was $18.00 per month; that the defendant charged and received $25.00 per month throughout the period until, in December, 1952, he informed the plaintiff that the rent as of January 1, 1953 would be $27.50; that the plaintiff then discovered that the legal maximum rent was $18.00 per month, refused on January

1, 1953 to pay $27.50, and vacated the premises on January 15, 1953. There was also evidence that the defendant owned other "rental real estate"; that he knew he should go to the Area Rent Board in order to raise rents; that in May, 1948 the defendant was told by one Cohen, a landlord, that he (Cohen) had been advised by a lawyer that he could raise rents 15% and if the tenant agreed, it was not necessary to go to the Area Rent Office; that he read in the "Banker and Tradesmen" that he could raise rents; that though he knew about the Area Rent Office, he made no application there when he raised the plaintiff's rent in November, 1949 to $25.00 per month; that he did go to the Area Rent Board and filed an application to raise the rent in January, 1953. The foregoing, is all the evidence relating to the willfulness of the overcharges or to the defendant's failure to take practicable precautions against the occurrence of the violation. The Housing and Rent Act (1947) penalizes by the imposition of treble damages only those overcharges which are made willfully or because of "failure to take practicable precautions against the occurrence of the violation."

We think that the evidence required a finding that the overcharges were both willful and the result of failure to take practicable precautions against the occurrence of the violation. Accordingly, it was prejudicial error to deny the plaintiff's requests numbered 7, 8 and 9. The defendant was shown by the evidence to have overcharged the plaintiff for rent and that he knew but failed to follow the prerequisite procedure for raising the plaintiff's rent. Under the circumstances, acting on the information imparted to him by Cohen, does not excuse the violation. The $25.00 monthly rent which he charged exceeded 15% of the lawful rent that Cohen had suggested was proper. The only evidence at all favorable to the defendant was that he read in the "Banker and Tradesmen" that he could raise rents. No copy of that periodical was adduced. In our opinion it is

not sufficient, when considered with all the evidence, to sustain the burden which the act placed on the defendant to avoid treble damages. *Hogan v. Coleman*, 326 Mass. 770; *Kaufman v. Fistel*, 323 Mass. 422.

We are of the opinion that there was error in the implied denial of request numbered 10. There being a violation, the plaintiff was entitled to a reasonable attorney's fee whether or not the violation was willful. *Hogan v. Coleman*, 326 Mass. 770, 777.

The judge found for the defendant, plaintiff in set-off, in the sum of $90.00. This sum apparently represented the lawful rent unpaid by the plaintiff (defendant in set-off) for the months of September, 1952 to January, 1953, both inclusive. The finding for the plaintiff Neil in the sum of $56.00 apparently represented the overcharge of $7.00 for the eight months preceding September, 1952. That period of eight months would include the months of January, 1952 and August, 1952. The writ was dated January 2, 1953 and entered on January 17, 1953. Thus, the judge apparently included in his finding the overcharge in rent payable January 1, 1952. The act permits recovery of damages on account of violations occurring only within the year next preceding the commencement of the action. The January, 1952 rent accrued prior thereto. *Hogan v. Coleman*, 326 Mass. 770, 776.

Request numbered 11 is predicated on an aspect of the case concerning which no evidence is reported. It is inconsequential and there was no error in its implied denial.

The record is not sufficiently clear to order here the entry of any judgment. Accordingly, there being prejudicial error, a new trial is ordered on all issues.